| | |
|---|---|
| SCHUBERT & REED LLP<br>Juden Justice Reed S.B.N. 153748<br>jreed@schubert-reed.com<br>Three Embarcadero Center, Ste. 1650<br>San Francisco, CA 94111<br>Telephone: (415) 788-4220<br>Fax: (415) 788-0161 | Brower Piven, A Professional Corporation<br>Charles J. Piven<br>Marshall N. Perkins<br>World Trade Center Baltimore<br>401 East Pratt Street<br>Baltimore, MD 21202<br>Telephone: (410) 332-0030 |
| **Proposed Liaison Counsel for Proposed Lead Plaintiffs and the Class** | **Proposed Lead Counsel for Proposed Lead Plaintiffs and the Class** |

Brower Piven, A Professional Corporation
David A.P. Brower
488 Madison Ave., 8th Fl.
New York, NY 10022
Telephone: (212) 501-9000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FEUER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELIK CORPORATION, MICHAEL M. WICK AND CYNTHIA M. BUTITTA<br>Defendants. | **No. 07-cv-2986 (WHA)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE MEHAN GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**<br><br>**Date: September 20, 2007**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 9, 19th Floor**<br><br>**Hon. William H. Alsup** |
| PARVIS HATAMI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELIK CORPORATION, MICHAEL M. WICK AND CYNTHIA M. BUTITTA<br>Defendants. | **No. 07-cv-3454 (MJJ)** |

1

**TABLE OF CONTENTS**

Introduction ..................................................................................................................................... 1

Procedural Background .................................................................................................................. 1

Summary of Facts ........................................................................................................................... 2

Argument ........................................................................................................................................ 3

    A.   The Actions Should Be Consolidated ................................................................................ 3

    B.   Movants Should Be Appointed Lead Plaintiff ................................................................... 4

        1.   The Procedure Required By The PSLRA ..................................................................... 4

        2.   The Mehan Group Satisfies The PSLRA's "Lead Plaintiff" Requirements ......................... 5

        a.   The Mehan Group Have Complied With The PSLRA InTimely Seeking Appointment As Lead Plaintiff .................................................................................................................................. 5

        b.   The Mehan Group Have The Largest Financial Interest In The Relief Sought By The Class ................................................................................................................................................ 6

        c.   The Mehan Group Otherwise Satisfy The Federal Rules Of Civil Procedure Rule 23 Requirements ................................................................................................................................. 6

        i.   The Mehan Group's Claims are Typical of the Claims of All Class Members ................... 7

        ii.   The Mehan Group Will Adequately Represent the Class ....................................................... 8

        3.   A Small And Cohesive Group Of Investors Is Favored Under The PSLRA ....................... 8

    C.   The Court Should Approve The Mehan Group's Choice of Counsel ...................................... 9

Conclusion .................................................................................................................................... 10

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Movants Ramesh K. Mehan, RML Limited, Ramesh K. Mehan Irrevocable Children's Trust, Joel K. Mehan Irrevocable Trust, Sheila G. Mehan Irrevocable Trust, Renee Mehan Family Trust, Neal D. Mehan Irrevocable Trust, Rahul D. Mehan and Ramesh K. Mehan Family Trust, (the "Mehan Group" or "Movants") hereby respectfully submit this memorandum of law in support of their motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of the Mehan Group's selection of Lead and Liaison Counsel.

**INTRODUCTION**

The Actions are securities fraud class actions brought against Telik Corporation ("Telik" or the "Company"), and certain of its officers (collectively referred to as the "Defendants") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of persons who purchased Arotech common stock at artificially inflated prices during the proposed class period (collectively, the "Class").

The Mehan Group purchased 160,601 shares of Telik common stock between March 3, 2003 and June 4, 2007 (the "Class Period") and suffered estimated losses[1] of $816,530.66 as a result of Defendants' misconduct. The Mehan Group seek appointment as Lead Plaintiff and approval of its selection of Lead and Liaison Counsel for plaintiffs and the Class as set forth herein. As discussed below, the Mehan Group have satisfied each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiff.

**PROCEDURAL BACKGROUND**

On or about June 6, 2007, plaintiff Andrew R. May filed a complaint in the United States District Court for the Southern District of New York on behalf of a class consisting of all persons and entities who purchased Telik common stock at artificially inflated prices. *Andrew R. May v.*

---

1  The estimated losses suffered by Movants are determined based on the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's common stock. See Declaration of Juden Justice Reed, Dated August 6, 2007 Ex. C. ("Reed Decl.").

1

*Telik Corp., et al.,* Docket No. 07-Civ. 4819 (S.D.N.Y. June 6, 2007.[2] On June 6, 2007, notice was published over *Business Wire* advising members of the proposed class of their right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice. *See* Reed Decl., Ex. A.[3]

On June 7, 2007, plaintiff Daniel Feuer filed a similar complaint against *Telik Inc.,* in the United States District Court for the Northern District of California *Feuer v. Telik, Inc.,* 07-cv-2986-WHA (N.D. Cal. June 7, 2007). On June 14, 2007, plaintiff Kevin Hennessy also filed a similar complaint in the United States District Court for the Southern District of New York. *Hennessy v. Telik Inc.,* 07-cv-5707-CM (S.D.N.Y. June 14, 2007). On July 2, 2007, plaintiff Parvis Hatami filed a fourth complaint against *Telik Inc.,* in the United States District Court for the Northern District of California *Hatami v. Telik, Inc.,* 07-cv-3454-MJJ (N.D. Cal. July 2, 2007).

**SUMMARY OF FACTS**

Throughout the Class Period, Telik developed and commercialized small molecule drugs to treat diseases.[4] ¶ 2. The Company's most advanced drug development candidate is TELCYTA (TLK286), a tumor-activated small molecule. *Id.* TELCYTA is a small molecule cancer drug product candidate designed to be activated in cancer cells. Throughout the Class Period, the Company conducted multiple clinical trials to evaluate the effectiveness of TELCYTA, and reported positive results to investors. *Id.*

In reality, and unbeknownst to investors, the defendants misled financial analysts, the Food and Drug Administration ("FDA"), and investors into believing that TELYCTA was safe and

---

[2] Movants attach a copy of the first complaint filed in this Action (*Andrew R. May v. Telik Corp., et al.,* Docket No. 07-Civ. 4819 (S.D.N.Y. June 6, 2007)) as Exhibit B to Reed Declaration.

[3] Proposed Lead Plaintiffs, the Mehan Group, are moving for appointment as Lead Plaintiffs simultaneously in both the Northern District of California and the Southern District of New York as neither court has determined which court will assume jurisdiction over these Actions. Defendants have not yet moved to transfer the cases to one jurisdiction.

[4] References to the complaint for purposes of this memorandum will be to the complaint filed in the action *Hennessy v. Telik Corp., et al.,* Docket No. 07-Civ. 5707 (S.D.N.Y. June 17, 2007 (referred to as "¶").

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

effective for public use, and that it was the result of sufficient clinical studies conducted by the defendants. ¶ 3. The Company, however, did not disclose that its clinical studies showed that test subjects had died at an increased rate when compared to those participants that were not given the drug, and that physicians pulled other test subjects out of the study early, which compromised the data that was being gathered and analyzed. *Id.* As a result of the false and misleading statements issued by the defendants, shares of the Company's common stock were artificially inflated during the Class Period. The Company's scheme came to a screeching halt on December 26, 2006 when the Company reported preliminary data revealing that TELCYTA had failed all three of its clinical trials. ¶ 4. On this news, shares of the Company's stock declined $11.49 per share, or over 70.6 percent, to close on December 26, 2006 at $4.77 per share, on unusually heavy trading volume. ¶ 5.

Then, on June 3, 2007, the Company released the results of its Assist-1 trial at the annual meeting of the American Society of Oncology (ASCO). ¶ 6. In stark contrast to the Company's prior statements, the Company revealed for the first time that participants in the study groups actually died sooner when they used TELYCTA, at an average of five months sooner than those who did not receive the drug. *Id.* The following day, the FDA placed a clinical hold on the Company's Investigational New Drug Application for TELCYTA, which was initiated by the FDA following the presentation of TELCYTA Phase 3 clinical trial results. *Id.* The effect of this clinical hold stopped new patient enrollment in TELCYTA clinical trials, and the Company was prohibited from administering additional doses of the drug to those patients already enrolled in the trials. *Id.*

At the end of the Class Period, on June 4, 2007, following the Company's news and the FDA announcement, shares of the Company's stock declined an additional 41 percent, to close on June 5, 2007 at $3.42 per share, on unusually heavy trading volume. ¶ 6.

## ARGUMENT

**A.    The Actions Should Be Consolidated**

Consolidation of the securities class actions is appropriate where the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P.

42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this titled has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

Here, there are two related actions that are perfectly suited for consolidation.[6] These Complaints contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period. Further, the Complaints allege the same class period, names virtually the same defendants and the class actions involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act.

Accordingly, this Court should consolidate the related actions.

## B.    Movants Should Be Appointed Lead Plaintiff

### 1.    The Procedure Required By The PSLRA

The PSLRA establishes a procedure governing the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead

---

[5]    Fed. R. Civ. P. 42(a):  Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[6]    The two related actions are as follows: *Feuer v. Telik, Inc.,* 07-cv-2986-WHA (N.D. Cal. June 7, 2007); and *Hatami v. Telik, Inc.,* 07-cv-3454-MJJ (N.D. Cal. July 2, 2007).

4

plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On June 6, 2007, notice of the first Telik action was published over *Business Wire*. *See* Reed Decl., Ex. A.

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii).

**2.   The Mehan Group Satisfies The PSLRA's "Lead Plaintiff" Requirements**

  **a.   The Mehan Group Have Complied With The PSLRA InTimely Seeking Appointment As Lead Plaintiff**

The time period in which class members may move to be appointed as Lead Plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on August 6, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on June 6, 2007), the Mehan Group timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

The Mehan Group have duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as a representative party on behalf of the

Class. *See* Reed Decl., Ex. D. In addition, the Mehan Group have selected and retained experienced and competent counsel to represent them and the class. *See* Reed Decl., Exs. E and F.

Accordingly, the Mehan Group have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and their selection of counsel, as set forth herein, considered and approved by the court.

### b.  The Mehan Group Have The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint the proposed lead plaintiff who represents the largest financial interest in the relief sought by the action. During the Class Period, as evidenced by, among other things, the accompanying signed certifications, collectively, the members of the Mehan Group purchased 160,601 shares of Telik common stock and suffered estimated losses of $803,683.00 as a result of Defendants' misconduct. *See* Reed Decl., Ex. D. Therefore, the Mehan Group have a significant financial interest in this case. Moreover, the Mehan Group have not received notice of any other competing applicant for lead plaintiff that has sustained greater financial losses in connection with the purchase of Telik Common Stock.

Therefore, the Mehan Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### c.  The Mehan Group Otherwise Satisfy The Federal Rules Of Civil Procedure Rule 23 Requirements

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

6

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only typicality and adequacy directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.,* 2006 U.S. Dist. LEXIS 26780, *15 (N.D. Cal. February 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and 'adequacy' of representation are key factors"). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.,* 2006 Dist. LEXIS 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.").

The Mehan Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

### i. The Mehan Group's Claims are Typical of the Claims of All Class Members

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Crossen v. C.V. Therapeutics*, 2005 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. August 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1988).

In this case, the typicality requirement is met because the Mehan Group's claims are identical, non-competing and non-conflicting interest with the claims of the other Class Members. The Mehan Group satisfies the typicality requirement, because they: (i) purchased or otherwise

7

acquired Telik common stock; (ii) at market prices allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Mehan Group arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Crossen* at *13. The Mehan Group are not subject to any unique or special defenses. Thus, the Mehan Group meets the typicality requirement of Fed. R. Civ. P. Rule 23 because their claims are the same as the claims of the other

### ii. The Mehan Group Will Adequately Represent the Class

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are an conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. *See also Miller v. Ventro Corp.*, No. C-01-01287-SBA, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. November 28, 2001) (*citing Takedo v. Turbodyne Techs.,* 67 F.Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

Here, the members of the Mehan Group are adequate representatives of the class. As evidenced by the injuries suffered by Movants, who purchased Telik common stock at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Movants are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the class. In addition, as shown below, Movants' proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants satisfy the typicality and adequacy requirements of Rule 23.

### 3. A Small And Cohesive Group Of Investors Is Favored Under The PSLRA

Appointing a small and cohesive group of investors is fully consistent with the letter and intent of the PSLRA. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I) ("the most adequate plaintiff…is the person

8

or group of persons…"). The Mehan Group has a cohesive relationship that pre-dates this litigation by many years and is precisely the type of pre-litigation relationship that the Northern District of California has held is preferred under the PSLRA. *See In re Versata, Inc. Sec. Litig.,* No. C-01-1439-SI, 2001 U.S. Dist. LEXIS 24270 at * 20 (N.D. Cal. August 17, 2001) (citing *Aronson v. McKesson HBOC, Inc.,* 79 F.Supp.2d 1146, 1153 (N.D. Cal. 1999)) ("a 'classic example' of a group with a pre-litigation relationship includes a partnership, various subsidiaries of a corporation, or members of a family.").

Moreover, courts have routinely applied this statutory provision and have approved appropriate "groups" of investors to act as the lead plaintiff. *See, e.g. In re Oxford Health Plans, Inc. Sec. Litig*., 182 F.R.D. 42, 47 (S.D.N.Y. 1998) ("the plaintiff language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"); *see also In re Cendant Corp. Litig*., 264 F.3d 201, 266 (3d Cir. 2001); *Yousefi v. Lockheed Martin Corp*., 70 F. Supp. 2d 1061, 1067-70 (C.D. Cal. 1999) ("The Court sees no textual statutory obstacle to considering the three plaintiffs financial interests together").

Accordingly, as the Mehan Group is comprised of Mehan family interests that are owned, controlled and/or directed by Ramesh K. Mehan, the Mehan Group is unequivocally cohesive and the most capable to make decisions and monitor the litigation on behalf of the Class.

**C.    The Court Should Approve The Mehan Group's Choice of Counsel**

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Brower Piven, a Professional Corporation ("Brower Piven") to serve as proposed Lead Counsel and Schubert & Reed, LLP ("Schubert & Reed") to serve as proposed Liaison Counsel. Brower Piven and Schubert & Reed have extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. *See* Reed Decl., Ex. E and F. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

9

# CONCLUSION

For all the foregoing reasons, the Mehan Group respectfully request that the Court: (i) consolidate the actions referenced in the instant captions; (ii) appoint the Mehan Group as Lead Plaintiff in the Actions; and (iii) approve the Mehan Group's selection of Lead and Liaison Counsel as set forth herein.

Dated: August 6, 2007

Respectfully submitted,

**SCHUBERT & REED LLP**

By: /s/ Juden Justice Reed

Juden Justice Reed

Three Embarcadero Center
Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4120
Facsimile: (415) 788-0161

*Proposed Liaison Counsel for the Mehan Group and the Class*

**BROWER PIVEN**
A Professional Corporation
Charles J. Piven
Marshall N. Perkins
World Trade Center-Baltimore
401 East Pratt Street
Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

**BROWER PIVEN**
A Professional Corporation
David A.P. Brower
Elizabeth A. Schmid

10

488 Madison Avenue
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Proposed Lead Counsel for
the Mehan Group and the Class*

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

11